# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREGORY GIBSON,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:13-cv-069

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 9), the Commissioner's response in opposition (Doc. 18), and plaintiff's reply memorandum (Doc. 19). This matter is also before the Court on plaintiff's motion to supplement the record or, in the alternative, motion for remand (Doc. 20), to which the Commissioner has not filed a response.

## I. Procedural Background

Plaintiff filed applications for DIB and SSI in August 2009, alleging disability since July 23, 2009, due to depression and type 2 diabetes. These applications were denied initially in November 2009 and upon reconsideration in April 2010. Plaintiff did not file a timely request for a hearing. Plaintiff submitted a written statement of "Good Cause for late filing" dated July 13, 2010. (Tr. 60-61). After speaking with plaintiff on July 16, 2010, the Agency filed an untimely request for a hearing on plaintiff's behalf on that date. (Tr. 62-63).

Plaintiff thereafter retained counsel to represent him. On January 28, 2011, the original administrative law judge (ALJ) assigned to hear plaintiff's claim, Paul E. Yerian, notified

plaintiff that although his request for a hearing had been filed on July 16, 2010, there was no statement or other information as to why the request was not filed within the prescribed 60-day time period. (Tr. 72). Plaintiff was granted 15 days to submit a signed statement or other information showing the reasons why he did not file his request for hearing in a timely manner. (*Id.*). Plaintiff was advised that his claim would be dismissed if good cause was not established. (*Id.*). Plaintiff submitted a response through counsel on February 8, 2011. (Tr. 73-75). Counsel wrote that he was familiar with plaintiff's severe mental health issues because he had previously represented plaintiff in connection with a claim for disability benefits from 1995 to 1997, and plaintiff's mental health appeared to constitute "good cause" for the late filing. (*Id.*). Counsel requested that plaintiff be scheduled for a consultative psychological evaluation in Ohio. (*Id.*).

Plaintiff's claim was allowed to proceed, and a hearing was scheduled for July 19, 2011, before a newly-assigned ALJ, Deborah Smith. (Tr. 252). The hearing was continued so that plaintiff could attend a psychological evaluation. (Tr. 252-254, 261). On June 14, 2011, plaintiff was sent written notice of an examination scheduled for June 29, 2011, with Dr. Norman L. Berg, Ph.D., in Cincinnati, Ohio. (Tr. 256-260). A written reminder was sent on June 24, 2011, notifying plaintiff of the importance of keeping the appointment. (Tr. 240). Plaintiff did not appear for the consultative evaluation (Tr. 261), and Dr. Berg requested that plaintiff not be rescheduled for an appointment with him. (Tr. 266). Counsel subsequently sent a fax to the ALJ dated August 1, 2011, stating that plaintiff had informed counsel that a "medical emergency" involving plaintiff's daughter who lived in Florida had "come up a day or two before the scheduled evaluation," plaintiff had gone to Florida to help her, and then "due to financial concerns and reasons [plaintiff] ended up going to the state of Delaware," his home state. (Tr. 261). Counsel stated that plaintiff indicated he planned to come back to Ohio and for the

2

administrative hearing scheduled for September 7, 2011, "if necessary." (*Id.*). However, counsel requested that the state agency in Delaware be contacted prior to the hearing so that a consultative evaluation could be arranged there, and if that was not possible, that the consultative evaluation with Dr. Berg be rescheduled. (*Id.*).

On August 24, 2011, a notice was sent to plaintiff reminding him of the hearing scheduled for September 7, 2011. (Tr. 129-130). A de novo hearing was held before the ALJ on that date. (Tr. 27-41). Plaintiff failed to appear for the hearing. Counsel and a vocational expert appeared and testified at the ALJ hearing. (*Id.*). Following the hearing, the ALJ issued a "Notice to Show Cause for Failure to Appear" to plaintiff allowing him an opportunity to submit a statement by September 22, 2011, explaining his absence from the hearing. (Tr. 135-136). On September 26, 2011, plaintiff's counsel submitted a fax to the ALJ advising her of plaintiff's current address in Delaware and asking that the notice to show cause be sent to plaintiff at that address. (Tr. 144).

Plaintiff subsequently submitted a fax cover sheet stating: "I could not appear for several reasons. But the most important was another court date at the same time, and the Judge does not give release forms or anything in writing." (Tr. 142). Attached to the cover sheet was a subpoena captioned "Citizen Dispute Settlement for the City of Wilmington" and "Office of City of Solicitor." The subpoena directed plaintiff to appear on Wednesday, September 8, 2011 at 6:30 p.m. (Tr. 143). The form was date stamped October 29, 1990. (Tr. 143). Plaintiff's counsel subsequently sent a letter to ALJ Smith dated October 5, 2011, asking that plaintiff's appeal be transferred to Wilmington, Delaware, where plaintiff was currently residing, and that a consultative psychological evaluation be conducted. (Tr. 145-146). The ALJ did not transfer the case but issued a decision on October 11, 2011, denying plaintiff's DIB and SSI applications.

3

(Tr. 10-22). Plaintiff's request for review by the Appeals Council was denied, making the

decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work

previously performed or in any other substantial gainful employment that exists in the national

economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation

process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or
mental impairment - *i.e.*, an impairment that significantly limits his or her
physical or mental ability to do basic work activities - the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the
listings in Appendix 1 to Subpart P of the regulations and meets the duration
requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her
past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not
disabled. If the claimant cannot make an adjustment to other work, the claimant
is disabled.

*Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four

steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 548

4

(6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers,* 582 F.3d at 652; *Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir. 1999).

## B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff met] the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The [plaintiff] has not engaged in substantial gainful activity since July 23, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The [plaintiff] has the following medically determinable impairments: diabetes, hypertension, and obesity (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*), but these impairments are not severe if considered singly or in combination.
>
> 4. The [plaintiff] does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the [plaintiff] does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).
>
> 5. The [plaintiff] has not been under a disability, as defined in the Social Security Act, from July 23, 2009, through the date of [the ALJ's] decision (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 18-22).

## C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

**D. Specific Errors**

Plaintiff alleges as his single assignment of error that the ALJ erred by denying plaintiff's claim on the merits without allowing the record concerning his obvious mental impairments to be developed. Plaintiff alleges that the documentation which was before the ALJ demonstrates on its face that plaintiff is "delusional" and his "thought process is divorced from reality." (Doc. 9 at 4). In support of this contention, counsel relies on: (1) correspondence plaintiff had sent to

6

counsel and which counsel in turn submitted to the SSA for consideration by Dr. Berg as part of his consultative evaluation (Doc. 9 at 5, citing Tr. 173-78, 191-95, 202-09, 215-19, 220-27); (2) writings authored by plaintiff and submitted in connection with a prior disability benefits claim he filed in the 1990s, which counsel likewise submitted for consideration by Dr. Berg (Tr. 229-38, 242-51); and (3) plaintiff's July 13, 2010 statement of good cause for late filing of his appeal from the denial of reconsideration (Tr. 60-61). Counsel also notes that he submitted many more writings authored by plaintiff to the Appeals Counsel (Tr. 279-367), which were made part of the record. (Tr. 5). Plaintiff argues, without citing any authority, that cases involving mental impairments "deserve particular scrutiny and development" and that "basic fairness and fundamental due process would certainly call for further claim file development in this case so that a fair and reasoned opinion on the merits could then be made by the adjudicator." (Doc. 9 at 6).

On the same date he filed his reply in support of his statement of errors (Doc. 19), plaintiff filed a motion to supplement the record or, in the alternative, to remand this matter for re-evaluation of plaintiff's claim in light of subsequent proceedings and evidence obtained in connection with DIB and SSI applications plaintiff filed while this case was pending. (Doc. 20). Counsel represents that after returning to Ohio, plaintiff underwent a consultative evaluation by Dr. Regina McKinney on May 9, 2013, in connection with the new applications. (*Id.*). Counsel also represents that he put the state agency claims adjudicator in contact with lay witnesses, *i.e.*, plaintiff's daughter and a friend of plaintiff's in Delaware. (Doc. 19 at 4-5). Plaintiff's counsel states that he was informed that the same state agency psychologist who reviewed the record in connection with the 2009 applications determined upon review of the expanded record that plaintiff met a Listing as of the original onset date. (Doc. 20 at 1-2). Plaintiff subsequently

7

received a notice from the SSA dated September 10, 2013, stating that the Administration had

found that plaintiff met the medical requirements for disability benefits as of October 12, 2011,

the day after ALJ Smith issued her decision.  (*Id.*, Exh. A).  The Notice stated that additional

medical reports provided by plaintiff's attorney which were received on July 11, 2013, were used

in deciding the claim.  The Notice also stated as follows:

> You said that you became unable to work on 7/23/09 because of depression and
> diabetes.
>
> While you stopped work because of your condition, the record shows you were
> previously denied disability by an Administrative Law Judge.  The decision made
> by the judge on 10/11/2011 is final and binding; meaning we cannot find you
> disabled until after the date of that decision.  As a result we find you disabled
> beginning 10/12/2011.

(*Id.*).

Counsel represents that he was orally advised by the state agency claims adjudicator that

the state agency reviewing psychologist had indicated that plaintiff's claim should be approved

as of the July 23, 2009 onset date alleged in the 2009 applications based on a determination that

plaintiff met a Listing since that time, but the claim could not be approved as of that date because

the prior ALJ decision was binding.  (Doc. 20 at 1-2).

Plaintiff contends that based on these developments, the Court should either: (1) order the

Commissioner to supplement the record by filing all relevant documents that led to the grant of

plaintiff's subsequent applications and allow the parties to file supplemental briefs to address the

additional information, or (2) remand the matter back to the SSA with instructions to re-evaluate

the denial of plaintiff's 2009 applications in view of the subsequently obtained evidence and

procedural developments.

**1. The ALJ did not violate her duty to give plaintiff a full and fair hearing.**

Although a claimant seeking disability benefits bears the ultimate burden of establishing his entitlement to such benefits, the ALJ has an affirmative duty to ensure that every claimant receives a "full and fair hearing" and to develop the facts upon which her decision rests. *Lashley v. Secretary of Health & Human Services,* 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson,* 402 U.S. at 389, 411). *See also Vaca v. Comm'r of Soc. Sec.,* No. 1:08-cv-653, 2010 WL 821656, at *5 (W.D. Mich. Mar. 4, 2010) (citing *Osburn v. Apfel,* No. 98-1784, 1999 WL 503528, at *7 (6th Cir. July 9, 1999) (quoting *Richardson,* 402 U.S. at 411) ("the responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge"); *Echevarria v. Sec'y of Health and Human Services,* 685 F.2d 751, 755 (2nd Cir. 1982) ("given the non-adversarial nature of a benefits proceeding, the ALJ 'must himself affirmatively develop the record.'")). *See also Sims v. Apfel,* 530 U.S. 103, 110-11 (2000) (although the claimant bears the ultimate burden of establishing that he is entitled to disability benefits, courts have recognized that social security proceedings are "inquisitorial rather than adversarial," and it is the ALJ's duty to investigate the facts and develop arguments both for and against granting benefits); *Wright-Hines v. Comm'r of Soc. Sec.,* 597 F.3d 392, 396 (6th Cir. 2010) ("the ALJ has an inquisitorial duty to seek clarification on material facts."). The ALJ's duty applies in every case, regardless of whether or not the claimant is represented by legal counsel. *Vaca,* No. 1:08-cv-653, 2010 WL 821656, at *5 (citing *Osburn,* No. 98-1784, 1999 WL 503528, at *7 (quoting *Richardson,* 402 U.S. at 411); *Echevarria,* 685 F.2d at 755). The duty to develop the record must be balanced against the plaintiff's "burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination[.]" *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211,

9

214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)[1]). S*ee also Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391 (6th Cir. 1999) (the claimant bears the burden to prove disability).

Here, a review of the record and the ALJ's decision shows that the ALJ did not violate her duty to give plaintiff a full and fair hearing and to develop the facts upon which her decision rests. The ALJ attempted to obtain evidence relevant to plaintiff's claim and allowed plaintiff an opportunity to submit evidence on his own behalf. However, plaintiff failed to cooperate with the SSA and to participate in the administrative proceedings, which resulted in the gaps in the evidence about which plaintiff now complains.

Plaintiff was represented by counsel throughout the administrative proceedings. Consequently, the ALJ's basic duty to fully and fairly develop the record did not rise to the heightened duty applicable when a claimant appears during social security proceedings without an attorney or representative. *See Lashley,* 708 F.2d at 1051-52. Nonetheless, the ALJ gave plaintiff the benefit of the doubt and went to extra lengths to attempt to develop the record in this matter. Initially, plaintiff was allowed to proceed with his claim after being directed to show good cause for failing to timely request a hearing. (Tr. 72). Thereafter, the ALJ hearing originally scheduled for July 19, 2011, was continued so that plaintiff could attend a consultative psychological evaluation scheduled for June 29, 2011. (Tr. 252-254, 256-60, 261). The ALJ hearing was rescheduled for September 7, 2011, and although counsel informed the ALJ that plaintiff would attend, plaintiff did not appear for the hearing. (Tr. 27-40, 261). At the close of the administrative hearing, the ALJ gave plaintiff's counsel the option of transferring the case to Delaware prior to issuance of a show cause order, or withdrawing the request for a hearing

---

[1] Title 20 C.F.R. § 416.913 has since been amended. The provision formerly found at § 416.913(d) is now found at § 416.913(e).

before a decision was issued.[2] (Tr. 40). The ALJ informed counsel that otherwise, a show cause

order would issue and if plaintiff did not respond, a decision on the merits would be issued. (Tr.

40). The ALJ issued a Notice to Show Cause for Failure to Appear to plaintiff following the

hearing. (Tr. 135-40). Counsel subsequently requested that plaintiff's case be transferred to

Delaware but the request was not made until October 5, 2011, one month after the ALJ hearing

and issuance of the show cause order. (Tr. 145-146).

    In her decision, the ALJ considered the reasons proffered by plaintiff and his counsel for

plaintiff's failure to appear for his consultative evaluation and the ALJ hearing. The ALJ

reasonably determined that plaintiff had not shown good cause for his failure to appear at either

the consultative evaluation or the hearing. Although counsel represented that plaintiff had been

unable to attend the June 29, 2011 consultative evaluation scheduled with Dr. Berg because of a

"medical emergency" involving plaintiff's daughter, there was no documentation submitted to

verify this claim. (Tr. 14, citing Tr. 261). Further, as noted by the ALJ, this was not the first

time plaintiff had failed to attend a scheduled consultative evaluation. Plaintiff had previously

informed the SSA that he would not attend the consultative evaluation originally scheduled for

October 12, 2009. (*Id.*, citing Tr. 196).

    In addition, although plaintiff submitted a response to the notice to show cause for failing

to appear at the ALJ hearing, the ALJ considered the supporting documentation plaintiff

submitted and reasonably found it did not support a finding of "good cause" because it appeared

to have been altered. (Tr. 14-15, citing Tr. 142-43). As "good cause" for his failure to appear at

the hearing, plaintiff alleged he had a scheduling conflict with an out of state court, and he

attached a subpoena addressed to him from the City of Wilmington, Delaware, Office of the City

---

[2] The ALJ indicated at the hearing that her office had checked into the possibility of plaintiff undergoing a consultative evaluation in Delaware as counsel had earlier requested, but it was her understanding that was not possible. (Tr. 39-40).

Solicitor, ordering him to appear at a hearing scheduled for Wednesday, September 8, 2011.
However, the ALJ made factual findings that the date appeared to have been "whited out" with
another date written in; the subpoena had a court-stamped date of October 29, 1990; the calendar
showed that September 8, 2011, actually fell on a Thursday, not a Wednesday; and the City of
Wilmington's website showed that the "Office of City Solicitor" no longer existed. (Tr. 14).
Thus, the ALJ reasonably determined that plaintiff's excuse for failing to attend the hearing
appeared to be a fabrication.

The ALJ also considered and reasonably discounted counsel's arguments that plaintiff's
failure to cooperate was attributable to a severe mental impairment. (Tr. 15, citing Tr. 252-53,
261). Despite allegations of a long-standing, disabling mental impairment, plaintiff's work
history showed that he had worked steadily during the recent past, including as an employee in
the security field from 2005-2009. (Tr. 15, citing Tr. 159-163). In fact, counsel acknowledged
at the ALJ hearing that plaintiff had a "fairly steady" work history. (Tr. 33). In addition, the
ALJ reasonably noted the medical treatment notes covering the period from April 2008 to April
2009 do not include notations of unusual behavior, which would be expected if plaintiff was
suffering from a disabling mental impairment during this time period and was, as counsel
contends, obviously "delusional" with a "thought process [that] is divorced from reality." (*See*
Doc. 9 at 4; Tr. 15, citing Tr. 368-414). The ALJ was therefore justified in finding that
plaintiff's alleged mental impairment was not "good cause" for his failure to cooperate in
development of the record.

Accordingly, the evidence shows that the ALJ attempted to develop the facts by
scheduling a consultative evaluation, rescheduling the administrative hearing, and allowing
plaintiff the opportunity to show "good cause" for his failure to appear for the ALJ hearing. The

12

ALJ reasonably determined that plaintiff did not show "good cause" for his failure to appear for the ALJ hearing and that plaintiff did not offer a valid justification for his failure to appear for the consultative evaluation. Plaintiff has not shown that the ALJ was obligated to take further steps to develop the record under circumstances such as these where plaintiff was represented by counsel and the ALJ gave plaintiff the opportunity to undergo a consultative evaluation, but plaintiff failed to cooperate. The ALJ was not required to hold plaintiff's applications open indefinitely until plaintiff's cooperation in the development of his claim could be secured by plaintiff's counsel and the SSA.

The Court acknowledges there is evidence to support a finding that plaintiff's failure to cooperate and attend the scheduled consultative examination and hearing was the product of serious mental illness. Nevertheless, because the ALJ's finding to the contrary is supported by substantial evidence it must be upheld, even if this Court would have arrived at a different conclusion based on the same evidence. *See Her v. Comm'r*, 203 F.3d 388, 389 (6th Cir. 1999). Plaintiff's sole assignment of error should be overruled.

**2. The motion to supplement the record or remand this matter should be denied.**

Plaintiff's motion to supplement the record seeks a Court order (1) directing the Commissioner to obtain and file with the Court "all relevant evidence and documents . . . which led to the grant of Plaintiff's second application," and (2) giving the parties leave to file supplemental briefs on the significance of the evidence presented. (Doc. 20 at 3; *see also* Doc. 19 at 7). Plaintiff has not cited, nor is the Court aware of, any legal authority permitting the Court to order supplementation of the administrative record based on the facts alleged in plaintiff's motion.

Where, as here, the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner and judicial review under § 405(g) is confined to the record evidence before the ALJ. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 487 (6th Cir. 2006) (citing *Wyatt v. Secretary of HHS,* 974 F.2d 680, 685 (6th Cir. 1992)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003). The additional evidence plaintiff seeks to put before this Court is not part of the administrative record the ALJ reviewed and upon which the ALJ based her decision in connection with plaintiff's 2009 applications. Because the Court may not consider this additional evidence in determining whether the ALJ's decision is supported by substantial evidence, the Court has no authority to order the Commissioner to supplement the record. Thus, the only question before the Court in connection with plaintiff's motion is whether a remand for the Commissioner's consideration of additional evidence is warranted.

There are only two kinds of possible remands under the Social Security Act. *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Sentence four remands are "in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision." *Id*. at 99-100 (citing 42 U.S.C. § 405(g)). Sentence six remands are made without a ruling on the merits where either the Commissioner requests a remand before answering the complaint or "where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993); *Melkonyan,* 501 U.S. at 100 and n.2. A district court has no "inherent authority to enter other types of remand orders" beyond those permitted under sentences four and six of § 405(g). *Melkonyan,* 501 U.S. at 99.

As explained above, the ALJ's decision is supported by substantial evidence and therefore a sentence four remand is not warranted. Because the Commissioner has not requested

14

a remand for further administrative action in this matter, plaintiff must demonstrate that the

subsequent decision granting him benefits or the evidence upon which it is based is new and

material and that there is good cause for the failure to incorporate this evidence into the record in

the prior proceeding.

Under sentence six of 42 U.S.C. § 405(g), plaintiff bears the burden of establishing that a

remand for further administrative proceedings is warranted based on the submission of additional

evidence. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001). To carry his burden, plaintiff

must show that the proposed evidence is both "new" and "material," and that he had "good

cause" for failing to introduce the evidence at the administrative proceeding. *Id. See also*

*Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 276 (6th Cir. 2010). "[E]vidence is new only if

it was 'not in existence or available to the claimant at the time of the administrative

proceeding.'" *Foster,* 279 F.3d at 357 (quoting *Sullivan v. Finkelstein,* 496 U.S. 617, 626

(1990)). Evidence is "'material' only if there is 'a reasonable probability that the

[Commissioner] would have reached a different disposition of the disability claim if presented

with the new evidence.'" *Id.* (quoting *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d

709, 711 (6th Cir. 1988)). A claimant demonstrates "good cause" by showing he had a

"reasonable justification" for failing to acquire and present the evidence for inclusion in the ALJ

hearing. *Id.* (citing *Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551, 554 (1984)).

As an initial matter, the Court notes that the decision finding plaintiff disabled based on

his subsequent application does not constitute new and material evidence for purposes of a

remand under sentence six. *See Allen v. Astrue*, 561 F.3d 646 (6th Cir. 2009). Like plaintiff

here, the plaintiff in *Allen* was granted disability benefits based on a new, subsequent application

while his prior unfavorable ALJ decision was on appeal. The decision granting disability

15

benefits stated that the plaintiff's disability began one day after the date of the ALJ's unfavorable decision. The plaintiff argued he was entitled to a sentence six remand because the disability finding based on his subsequent application constituted new and material evidence. The Sixth Circuit disagreed and held, "In the case of a subsequent favorable determination, a sentence six remand is appropriate only if the plaintiff can show new substantive evidence that might have changed the outcome of the prior proceeding, and good cause for failing to bring this evidence in the original proceeding." *Id.* at 654. The Sixth Circuit drew a distinction between the decision granting disability benefits and the evidence supporting that decision: "A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." *Id.* at 653. While a favorable decision may signal there is new and material evidence sufficient to warrant a sentence six remand, the decision by itself is insufficient to establish the requisite showing. *Id. But see Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (finding of disability based on subsequent application for benefits may constitute "new and material" evidence warranting sentence six remand). Therefore, plaintiff here must rely on more than the favorable decision to show a sentence six remand is warranted on his 2009 applications.

Plaintiff has failed to carry his burden to show that the evidence he seeks to add to the record is "new" and "material" to his 2009 applications for benefits, and further that he had "good cause" for failing to submit the evidence prior to the ALJ's decision on those applications. The September 10, 2013 notice advising plaintiff that he had been found to meet the medical requirements for disability benefits on his subsequent applications states that additional medical reports supplied by plaintiff's counsel on July 11, 2013, were used in deciding plaintiff's claim. (Doc. 20, Exh. A). However, plaintiff has neither identified that evidence nor attached it to the

motion to remand.[3]  Therefore, the Court is unable to discern whether the evidence is "new" in that it either was not in existence or was unavailable prior to the ALJ's October 2011 decision on the 2009 applications.  Nor is the Court able to discern whether the evidence is "material" to the 2009 applications.

Further, plaintiff has not proffered any justification for his failure to submit the evidence referenced in the September 2013 notice in connection with his 2009 applications.  Thus, there is no indication that plaintiff had "good cause" for failing to submit the evidence in support of his 2009 claim.  In addition, although counsel represents that the SSA's decision to grant the subsequent applications for benefits was based on a consultative evaluation and corroborating lay evidence, plaintiff has not established "good cause" for his failure to submit to a consultative evaluation prior to issuance of the ALJ decision in 2011.  Nor has plaintiff offered any justification for his failure to provide corroborating lay evidence in support of the 2009 applications.  In fact, the record indicates that attempts to obtain evidence from lay sources in connection with the 2009 applications were unsuccessful.  (*See* Tr. 428, 2/22/10 state agency reviewing psychologist's report: "[Claimant] and third party did not follow-up [with] calls and letters.  Insufficient evidence.").

For these reasons, plaintiff has not established the requirements which must be met before a remand for consideration of additional evidence is ordered.  Plaintiff's motion to supplement the record, or in the alternative, to remand this matter for reevaluation of his 2009 applications for disability benefits, should be denied.

---

[3] Likewise, the May 2013 consultative examination upon which the subsequent favorable decision is presumably based has not been submitted to the Court.

17

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's motion to supplement the record, or in the alternative, to remand this matter

pursuant to Sentence Six of 42 U.S.C. § 405(g) be DENIED.

2.  The decision of the Commissioner be AFFIRMED and this matter be closed on the docket of

the Court.

Date:  2/18/2014

Karen L. Litkovitz
United States Magistrate Judge

18

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREGORY GIBSON,
     Plaintiff,

Case No. 1:13-cv-069
Dlott, J.
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
     Defendant.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).