# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GREGORY GIBSON,  
    Plaintiff,

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

Case No. 1:13-cv-069  
Dlott, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 30). The Commissioner has not filed any opposition to plaintiff's motion.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25% of past due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration (SSA)). Plaintiff is the prevailing party in this case. The Court initially denied plaintiff's motion to supplement the record or to remand the matter for further administrative proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g) and affirmed the Commissioner's decision denying plaintiff's claim for benefits. (Docs. 21, 23). Plaintiff subsequently filed motions to supplement the record and remand the matter for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Docs. 25, 26). On April 17, 2014, the Court granted plaintiff's motions and remanded the case for further administrative proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g) on the ground there was new and material evidence and good cause for failure to incorporate the evidence into the record. (Docs.

27, 28). On remand, the SSA found in plaintiff's favor and awarded plaintiff monthly disability benefits beginning July 2009. (Doc. 29-1). Plaintiff was also paid past due SSI benefits for a five-month period. (Doc. 30, Exh. B). Plaintiff and the Commissioner thereafter filed a joint stipulation for dismissal of the matter before this Court.[1] (Doc. 29). Because plaintiff obtained a fully favorable decision on remand, he is the prevailing party in this matter. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) ("Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status, e.g., *Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001), the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant, *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996)."). Plaintiff's attorney is therefore entitled to a reasonable fee award.

Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25% of the total past due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 807 (2002). In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Id.* at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25% of past due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25% boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee

---

[1] The District Court retains jurisdiction when it remands a matter pursuant to Sentence Six. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006).

2

cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel and whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 420-21 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25% of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* at 982. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Here, the SSA informed plaintiff in a notice dated December 4, 2014, that it was withholding $5,543.00 from plaintiff's award of disability benefits for attorney fees. (Doc. 30, Exh. A). Although the total amount of benefits awarded is not reflected in the letter, plaintiff states that the amount represents 25% of retroactive disability insurance benefits. (Doc. 30 at 3). In addition, the SSA notified plaintiff on August 26, 2015, that counsel was entitled to $842.50

3

in attorney fees for work performed in connection with an award of SSI benefits for the period of September 2009 through January 2010. (Doc. 30, Exh. B). This amount represents 25% of the past due SSI benefit award of $3,370.00 for that time period. Plaintiff states that his counsel is holding this amount in a trust account. (Doc. 30 at 3). Based on plaintiff's representations and the SSA's notices, the fee of $6,385.50 requested by plaintiff falls within the 25% boundary.

Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable given counsel's extensive and prompt efforts in moving this case forward toward a resolution, the factual and legal difficulties presented by the case, the skill counsel exhibited, and counsel's success in achieving a favorable result. (Doc. 30 at 3-7). Plaintiff has submitted a copy of the contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25% of past due benefits. (*Id.*, Ex. C). Plaintiff has also submitted itemized billing sheets that show his attorney performed a total of 29.95 hours of work on the case in the District Court. (*Id.*, Exh. D).[2] Plaintiff requests that the Court award fees in the amount of $6,385.50 (the sum of $5,543.00 withheld by the SSA plus the sum of $842.50 plaintiff's counsel is holding in trust) which represents 25% of plaintiff's past due benefits. Dividing $6,385.50 by the 29.95 hours counsel worked on this case before the District Court produces a hypothetical hourly rate of $213.21.

In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice

---

[2] Plaintiff states in the motion that the itemization of counsel's time shows that counsel expended 27.50 hours of time before this Court. (Doc. 30 at 6). In fact, the hours in the itemization total 29.95.

4

the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

Counsel for plaintiff does not provide his specific hourly rate for non-contingency fee cases. However, the *Hayes* hypothetical hourly rate of $213.21 requested by counsel is considerably less than the standard rate in this market multiplied by 2. *See Boston v. Comm'r of Soc. Sec.*, No. 1:10-cv-408, 2014 WL 49858, at *3 (S.D. Ohio Jan. 7, 2014) (Report and Recommendation) (Bowman, M.J.), *adopted,* 2014 WL 1814012 (S.D. Ohio May 7, 2014). In *Boston*, the Magistrate Judge cited several recent Social Security decisions from this District finding "$350.00 to $360.00 per hour represents a '*per se* reasonable' fee under § 406(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes*.'" *Id.* (citing, e.g., *Jones v. Astrue,* Case No. 3:09-cv-80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012) (Report and Recommendation) (Merz, J.), *adopted*, 2012 WL 3763909 (S.D. Ohio Aug. 29, 2012) (finding an effective hourly rate of $360.00 to be appropriate under a contingency fee agreement); *Vaughn v. Astrue,* Case No. 3:08-cv-377, 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012) (finding $302.86 to be an appropriate hourly rate as it was less than twice a standard rate of $180.00); *Edwards v. Comm'r of Soc. Sec.,* Case No. 1:08-cv-815, 2011 WL 1002186

5

(S.D. Ohio March 16, 2011) (approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA"); *Stonitsch v. Astrue,* Case No. 1:09-cv-593, 2012 WL 5378744 (S.D. Oct. 30, 2012) (finding hourly rate of $360.00 to be reasonable)). Consistent with the prior decisions from this District, the fee requested here does not constitute a windfall to plaintiff's counsel. *Hayes,* 923 F.2d at 422. Moreover, counsel achieved an excellent result in this case as demonstrated by the District Court's decision to amend its original judgment and grant plaintiff's motion to supplement the record and remand the matter for consideration of new and material evidence, and the SSA's fully favorable decision upon consideration of the additional evidence on remand. (Doc. 29-1). When the fee request is viewed in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez,* a fee of $6,385.50 is reasonable for the work plaintiff's counsel performed in this Court.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for an award of attorney fees (Doc. 30) be **GRANTED** and plaintiff be awarded a total of **$6,385.50** in attorney fees under 42 U.S.C. § 406(b)(1)(A).

Date: 11/10/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY GIBSON,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:13-cv-069
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).